David H. Krieger, Esq.
Nevada Bar No. 9086
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, NV 89052
Phone: (702) 430-4503
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
5510 S. Forth Apache Rd., Suite 30
Las Vegas, NV 89148-7700
Phone: (702) 856-7430
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JUDD HALL, | : |
| | : |
| Plaintiff, | : |
| v. | : Civil Action No.: |
| | : |
| DATA X; CORELOGIC; SKY TRAIL CASH; | : **COMPLAINT FOR DAMAGES** |
| RAPITAL CAPITAL; EXETER FINANCE | : |
| CORPORATION; AND TRANS UNION, | : **JURY TRIAL DEMANDED** |
| LLC, | : |
| | : |
| Defendants. | : |

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction because this case arises out of violations of federal

law. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773

F. Supp. 2d 941, 946 (D. Nev. 2011).

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

2. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

3. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as it conducts business there. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. Plaintiff Judd Hall ("Plaintiff") is a natural person residing in the County of Clark, State of Nevada.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant CoreLogic ("CoreLogic") is a "Consumer Reporting Agency" as that term is defined by 15 U.S.C. § 1681a(f) because it regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. CoreLogic is a corporation doing business in Nevada.

6. Defendant Data X ("Data X") is a "Consumer Reporting Agency" as that term is defined by 15 U.S.C. § 1681a(f) because it regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Data X is a corporation doing business in Nevada.

7. Defendant Sky Trail Cash ("Sky Trail") is a "person" as defined in by 15 U.S.C. § 1681a(b). Sky Trail is a corporation doing business in Nevada.

8. Defendant Rapital Capital ("Rapital") is a "person" as defined in by 15 U.S.C. § 1681a(b). Rapital is a corporation doing business in Nevada.

2

9. Defendant Trans Union LLC ("Trans Union") is a "person" as defined in by 15 U.S.C. § 1681a(b). Trans Union is a corporation doing business in Nevada. Trans Union is customarily viewed as a "consumer reporting agency" under the FCRA, but for purposes of this Complaint acted as a "person" as it procured a Data X consumer report for Exeter.

10. Defendant Exeter Finance Corporation ("Exeter") is a "person" as defined in by 15 U.S.C. § 1681a(b). In this case, Exeter was an end-user of a consumer report. Exeter is a corporation doing business in Nevada.

## FACTUAL ALLEGATIONS

### *The FCRA's Accuracy and Disclosure Protections*

11. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the FCRA to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

12. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

13. Furthering the FCRA's goal of accuracy, a consumer may dispute the accuracy or completeness any item of information appearing in their file. 15 U.S.C. § 1681i(a). Once notified of a dispute, a consumer reporting agency ("CRA") must notify the source or furnisher of information, including all relevant information regarding the dispute that the CRA received from the consumer. 15 U.S.C. § 1681i(a)(2).

14. Upon receipt of a notice pursuant to 15 U.S.C. § 1681i(a)(2), the furnisher of the information must review all relevant information provided by the CRA, conduct an investigation of the disputed item, and report the results of the investigation back to the CRA. 15 U.S.C. § 1681s-2(b).

15. If the furnisher's investigation yields results such that the information disputed by the consumer is incomplete or inaccurate, then the furnisher must report those results to all other CRAs. 15 U.S.C. § 1681s-2(b)(1)(D).

16. If the CRA's reinvestigation (which necessarily includes the furnisher's investigation) finds the disputed information to be inaccurate, incomplete, or unable to be verified, then the CRA must either promptly delete that information or modify it, as appropriate, based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5)(A).

17. The CRA must timely notify the disputing consumer regarding the results of the reinvestigation. 15 U.S.C. § 1681i(a)(6). As part of this notice of results of reinvestigation, the CRA must provide a "consumer report." 15 U.S.C. § 1681i(a)(6)(B)(ii).

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

4

*The FCRA's Privacy Protections*

18. Congress also enacted the FCRA, in part, to protect consumer privacy. Since CRAs have assumed such a vital role in assembling and evaluating consumer credit, the FCRA seeks to ensure that CRAs exercise these grave responsibilities with fairness, impartiality, and a respect for a consumer's right to privacy.

19. 15 U.S.C. § 1681b provides an exhaustive list of permissible circumstances under which a third party may access a consumer report from a CRA. 15 U.S.C. § 1681b(f) prohibits the use and obtaining of consumer reports "for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with Section 1681e of this title by a prospective user of the report through a general or specific certification."

20. The FCRA defines "consumer report" broadly, as "any written, oral, or other communication of any information by a CRA bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. § 1681a(d).

21. The Ninth Circuit has recognized the FCRA's broad definition. For example, it has noted that when a CRA reports to a third party nothing more than the *absence* of enough

5

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

information to formulate a credit score, that notification itself can be a "consumer report."[1]

22. A CRA is obligated to follow reasonable policies and procedures when it permits disclosure of consumer reports pursuant the exclusively enumerated permissible purposes under 15 U.S.C. § 1681e(a), and a data-furnishers' obligation to periodically update consumer account data under 15 U.S.C. § 1681s-2(a).[2]

### The FCRA's Disclosure Protections

23. The FCRA also entitles consumers to take an active role in the protection of their sensitive personal information and guard against identity theft, by giving the consumer a right to request "All information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). The disclosed information must include an identification of each person who "procured" a consumer report for employment or another purpose. 15 U.S.C. § 1681g(a)(3). Additionally, Section 1681g(a)(2) requires that a CRA disclosure the sources of information, which permits the consumer to identify and correct inaccuracies and uncover the underlying identity of the reporting entity. The FCRA's text demonstrates that Congress intended for a Section 1681g disclosure to also be a consumer report. *See, e.g.*, 1681j(a)(2).

//

//

//

---

[1] *See Reynolds v. Hartford Financial Services Group, Inc.*, 435 F.3d 1081, 1094 (9th Cir. 2006), *rev'd on other grounds*, 551 U.S. 47 (2007).

[2] *See, e.g.*, 15 U.S.C. § 1681s-2(a)(3)-(4). Plaintiff's allegations are not brought under any provision of 15 U.S.C. § 1681s-2(a), but he cites provisions of that subsection of the FCRA for illustrative purposes.

### *A CRA's Duties to Maintain Reasonable Procedures – 15 U.S.C. § 1681e(a)*

24. CRAs must maintain reasonable procedures to ensure that third party disclosures are made exclusively for permissible purposes, and can be liable for disclosing information to a third party who does not have a permissible purpose. 15 U.S.C. § 1681e(a).

25. Prior to providing a consumer's credit information to a third party, a CRA must first obtain a certification from each third party as to "the purposes for which [credit] information is sought," as well as a certification that the information "will be used for no other purpose." 15 U.S.C. § 1681e(a).

26. If a CRA has "reasonable grounds" to believe that information will not be used for a permissible purpose, it must not furnish a report to that third party. 15 U.S.C. § 1681e(a). Pursuant to *Pintos v. Pacific Creditor's Ass'n*, however, to avoid liability, a CRA must do more than claim reliance on a third party's "general promise to obey the law."[3]

27. On information and belief, CRAs often charge a fee to third parties to disclose a consumer's credit information, or include access to certain credit information in a contractual agreement. However, the FCRA's restrictions on disclosure – and imposition of liability for failure to disclose – prevent CRAs from pursuing inappropriate monetary gains at the expense of a consumer's privacy. Compliance with these requirements also ensures that, prior to furnishing a consumer's credit information to any third party, a CRA has, or should have, a list of all the permissible purposes for which each third party will use a consumer's private credit information.

28. Other Courts of Appeal have recognized that "unauthorized *disclosures* of information' have long been seen as injurious," and that "with the passage of the FCRA, Congress

---

[3] *Pintos v. Pacific Creditor's Ass'n*, 605 F.3d 665, 675-76 (9th Cir. 2009).

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

established that the unauthorized dissemination of personal information by a CRA causes an injury in and of itself – whether or not the disclosure of that information increased the risk of identity theft or some other future harm."[4]

29. One recent Nevada District Court, *In re Ocwen Loan Servicing LLC Litig.*, applied the reasoning of *Syed* to conclude that "The FCRA is clear that account review inquiries are permissible to determine whether the consumer *continues* to meet the terms of the account," and that "[t]he operative word in this provision is "continues," which indicates Congress recognized that once an individual terminated her relationship with a lender it was no longer permissible for the lender to access the account (precisely because the lender would have no reason for doing so)."[5]  The *In re Ocwen* court further noted that "Congress recognized the harm that results to consumers when they do not give consent to purported credit pulls, even when the reason for the pull is permissible under the statute."  Thus, by permitting continued access to individual consumers' private information, reporting agencies subject each consumer to a concrete informational injury.

*A Person's Acquisition of Consumer Reports for Permissible Purposes – 15 U.S.C. § 1681b(f)*

30. A third party may obtain a consumer disclosure only for an explicitly enumerated FCRA permissible purpose; this includes end-users of the report, as well as those procuring reports for end-users.  For example, information may be provided to "a person which [the CRA] has reason to believe (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and

---

[4] *In re Horizon Healthcare Services Inc. Data Breach Litig.*, 846 F.3d 625, 639-640 (3d Cir. 2017) (emphasis in original); *see also Attias v. Carefirst*, 865 F.3d 620, 625-29 (D.C. Cir. 2017), *cert. denied*, ---S. Ct. ----, 2018 WL 942459 (U.S. Feb. 20, 2018).

[5] No. 3:16-cv-200-MMD-WGC, 2017 WL 1289826 (D. Nev. Mar, 3, 2017) (emphasis in original).  Actions consolidated into the matter include No. 3:16-cv-483-MMD-WGC, No. 16-cv-498-MMD-WGC, and No. 3:16-cv-603-MMD-WGC.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681a(3)(A). A third party may obtain private consumer credit data when that third party "otherwise has a legitimate business need for the information (i) in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer *continues* to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(F)(ii) (emphasis added).

31. Since a CRA is obligated to identify the "permissible purpose" for each consumer disclosure, Data X can ascertain (1) why a consumer report is being requested, and (2) refer to its own internal records to determine whether the third party's stated purpose is permissible in light of the account statuses that third party maintained with the consumers in question.[6]

### *Data X's Liability to Plaintiff – Accuracy Violations – 1681g(a)(2), 1681i (Counts 1-2)*

32. On or about October 21, 2020, and pursuant to Section 1681g, Plaintiff requested and received a disclosure of credit information from Data X ("Data X Report"). Thereon, Data X reported a number of phone numbers for Plaintiff, but failed to identify the source of this reporting. This failure to identify the sources of information violated 15 U.S.C. § 1681g(a)(2), by depriving Plaintiff of the ability to identify and potentially contact any of these sources of information. It also rendered Plaintiff's disclosure confusing to an average consumer like Plaintiff.

33. On the Data X Report, Plaintiff identified a telephone number which did not belong from him, rendering the Data X Report inaccurate ("Inaccurate Information"). However,

---

[6] Data furnishers who obtain a consumer report under false pretenses are also liable when their violation is willful. *See* 15 U.S.C. § 1681q; *Hansen v. Morgan*, 582 F.2d 1214, 1220 (9th Cir. 1978).

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

Plaintiff was unable to identify the source of the information, because Data X did not disclose it.

34. Left with no alternative means of dispute, in a letter dated December 1, 2020, and pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed with Data X, *inter alia*, the Inaccurate Information, requesting the Inaccurate Information be deleted.

35. Upon information and belief, upon receiving the Data X Dispute Letter, Data X notified the applicable furnisher of the disputed Inaccurate Information (Data X did not list the name) based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i(a)(2).[7]

36. Alternatively, Data X failed to notify the furnisher in violation of its duties to do so under 15 U.S.C. § 1681i(a)(2).

37. Data X and the furnisher were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §§ 1681i and 1681s-2(b). A reasonable reinvestigation would have resulted in the deletion of the Inaccurate Information.

38. On or about December 11, 2020, Data X responded to Plaintiff's dispute, sending Plaintiff a letter which identified and explained the reasons why other issues identified in Plaintiff's dispute letter (i.e., a dispute over inquiries) had not resulted in any change. However, Data X never informed or even mentioned Plaintiff's dispute regarding phone numbers.

39. Therefore, Data X failed to respond to Plaintiff's dispute regarding the Inaccurate Information, and consequently violated 16 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of his consumer dispute.

---

[7] "Plaintiff may plead upon information and belief where 'facts are particularly in possession and control of defendant' or where 'the belief is based on factual information that makes the inference of culpability plausible.'" *Green v. Beth*, 663 Fed. Appx. 471, 474 (7th Cir. 2016) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

40. Worse, because Data X has failed at any point to identify the source of the Inaccurate Information to Plaintiff, Data X's refusal to correct the reporting after Plaintiff disputed it has left Plaintiff no option to correct the reporting. Therefore, Data X violations of Sections 1681i and 1681g resulted in the total deprivation of information Plaintiff was entitled to receive under the FCRA, the deprivation of which has resulted in a concrete informational injury to Plaintiff.

41. Moreover, Plaintiff has suffered concrete and imminent harm through the dissemination of his inaccurate information. Plaintiff's Data X Report demonstrated that at least thirteen third parties had accessed his credit information from Data X in the several years before the complaint was filed. Thus, the inclusion of derogatory information presents an imminent, material risk of harm that Plaintiff's creditworthiness has been, and continues to be, damaged.

42. Data X's reporting of the Inaccurate Information was willful, because Data X acknowledged receipt of the dispute letter and addressed other aspects Plaintiff's dispute but ignored the dispute's reference to the Inaccurate Information. The failure to identify the source of the Inaccurate Information at all, coupled with Data X's refusal to even acknowledge that aspect of his dispute, demonstrates that Data X wishes to conceal knowledge of that inquiry from Plaintiff. Plaintiff is, accordingly, eligible for statutory damages.

43. Also as a result of Data X's actions regarding its reporting, Plaintiff has suffered actual damages, including without limitation issues regarding credit standing, out-of-pocket expenses in challenging Data X's inaccurate reporting, and damage to Plaintiff's creditworthiness. Plaintiff has also suffered a concrete informational injury by failing to receive the complete and accurate reporting the FCRA entitled him to receive.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

44. By inaccurately reporting account information relating to the reaffirmed debt after notice and confirmation of its errors, Data X failed to take the appropriate measures as required under 15 U.S.C. § 1681i(a), or comply with 15 U.S.C. § 1681g(a).

45. Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and she is entitled to recover reasonable attorney's fees and costs. *See* 15 U.S.C. §§ 1681n, 1681o.

### *Data X's Liability to Plaintiff – Privacy Violations – 1681b(f), 1681e(a) (Counts 3-4)*

46. On or about October 21, 2020, Plaintiff requested and received the Data X Report. Thereon, Data X reported that Sky Trail had procured Plaintiff's credit report on December 12, 2019, and Rapital had procured Plaintiff's credit report on March 14, 2019 (collectively, "Impermissible Pulls"). The Data X Report was the first notice Plaintiff received that his credit had been pulled by either of these entities, who did not have Plaintiff's permission to pull his credit information.

47. Neither of these entities had account relationships with Plaintiff sufficient to pull his credit, and had no other permissible purpose to do so. Therefore, by permitting the Impermissible Pulls, Data X violated 15 U.S.C. §§ 1681e(a) and 1681b(f).

48. Plaintiff was concerned enough about potential violations to his privacy to send a letter to Data X on December 18, 2020, notifying them of the Impermissible Pulls and requesting their deletion pursuant to Section 1681i of the FCRA.

49. Data X's failure to fully and adequately protect Plaintiff's private information from impermissible disclosure to third parties violated 15 U.S.C. §§ 1681b(f) and 1681e(a). Specifically, Data X failed to follow reasonable procedures to ensure that the furnishing of consumer reports were limited to the purposes listed under 15 U.S.C. § 1681b.

50. On information and belief, Data X has willfully decided not to comply with the FCRA, specifically 15 U.S.C. §§ 1681b(f) and 1681e(a), by permitting Plaintiff's private information to be accessed by third parties without a permissible purpose.

51. Data X's failed to follow reasonable policies and procedures in ensuring that third parties access credit for a permissible purpose.

52. As a result of Data X's conduct, Plaintiff has suffered a concrete informational harm to his Congressionally protected privacy interests. Because Data X's conduct was willful, Data X is liable for statutory and punitive damages under 15 U.S.C. § 1681n.

53. Data X's actions required Plaintiff to retain an attorney to prosecute this dispute, and has incurred attorney's fees and costs as a result, recoverable under 15 U.S.C. § 1681n.

***Sky Trail's and Rapital's Liability to Plaintiff – 15 U.S.C. § 1681b(f) (Counts 5-6)***

54. Sky Trail and Rapital each violated 15 U.S.C. § 1681b(f) because when they requested and obtained their respective Impermissible Pulls, they knew they did not have any permissible purpose to procure credit.

55. Sky Trail's and Rapital's conduct was willful because at the time they accessed Plaintiff's consumer reports, they knew or were reckless in not knowing they did not have any permissible purpose for accessing Plaintiff's private consumer data from Data X.

56. Persons like Sky Trail and Rapital who obtain a consumer's account without a permissible reason to do so also violate 15 U.S.C. 1681b(f) willfully, as they know at the time of the request whether they have a permissible reason to access credit or not. Such violations of Section 1681b(f) violate Plaintiff's reasonable expectation of privacy, resulting in a concrete informational injury.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

13

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

57. As a result of this conduct, Plaintiff has suffered a concrete informational harm to his Congressionally protected privacy interests.  Sky Trail's and Rapital's conduct was willful, Plaintiff is entitled to an award of statutory damages under 15 U.S.C. § 1681n.

58. Plaintiff has been required to retain an attorney to prosecute this dispute, and has incurred attorney's fees and costs as a result, recoverable under 15 U.S.C. § 1681n.

***CoreLogic's Liability to Plaintiff – Privacy Violations – 1681b(f), 1681e(a) (Counts 7-8)***

59. On or about October 22, 2020, Plaintiff requested and received a Section 1681g disclosure of credit information from CoreLogic ("CoreLogic Report").  Thereon, CoreLogic reported that Trans Union, on behalf of Exeter, had procured Plaintiff's credit report on December July 28, 2016 ("CoreLogic Impermissible Pull").  The CoreLogic Report was the first notice Plaintiff received that his credit had been pulled by either of these entities, who did not have Plaintiff's permission to pull his credit information.

60. Neither of these entities had account relationships with Plaintiff sufficient to pull his credit, and had no other permissible purpose to do so.  Therefore, by permitting the CoreLogic Impermissible Pull, CoreLogic violated 15 U.S.C. §§ 1681e(a) and 1681b(f).

61. Plaintiff was concerned enough about potential violations to his privacy to send a letter to CoreLogic on December 2, 2020, notifying it of the CoreLogic Impermissible Pull and requesting its deletion pursuant to Section 1681i of the FCRA.

62. CoreLogic's failure to fully and adequately protect Plaintiff's private information from impermissible disclosure to third parties violated 15 U.S.C. §§ 1681b(f) and 1681e(a). Specifically, CoreLogic failed to follow reasonable procedures to ensure that the furnishing of consumer reports were limited to the purposes listed under 15 U.S.C. § 1681b.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

63. On information and belief, CoreLogic has willfully decided to not comply with the FCRA, specifically 15 U.S.C. §§ 1681b(f) and 1681e(a), by permitting Plaintiff's private information to be accessed by third parties without a permissible purpose.

64. CoreLogic failed to follow reasonable policies and procedures in ensuring that third parties access credit for a permissible purpose.[8]

65. As a result of CoreLogic's conduct, Plaintiff has suffered a concrete informational harm to his Congressionally protected privacy interests. Because CoreLogic's conduct was willful, CoreLogic is liable for statutory and punitive damages under 15 U.S.C. § 1681n.

66. CoreLogic's actions required Plaintiff to retain an attorney to prosecute this dispute, and has incurred attorney's fees and costs as a result, recoverable under 15 U.S.C. § 1681n.

//

//

***Trans Union's and Exeter's Liability to Plaintiff – 15 U.S.C. § 1681b(f) (Counts 9-10)***

67. Trans Union and Exeter each violated 15 U.S.C. § 1681b(f) because when they requested and obtained their respective CoreLogic CoreLogic Impermissible Pull, they knew they did not have any permissible purpose to procure credit.

68. Trans Union's and Exeter's conduct was willful because at the time these defendants accessed Plaintiff's consumer reports, they knew or were reckless in not knowing that they did not have any permissible purpose for accessing Plaintiff's private consumer data from CoreLogic.

---

[8] *See, e.g.*, *Syed v. M-I LLC*, 846 F.3d 1034 (9th Cir. 2017), *as amended*, 853 F.3d 492 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 447 (U.S. Nov. 13, 2017). *See also Toldi v. Hyundai Capital America*, No. 16-cv-1877-APG-GWF, 2017 WL 736882, at *2 (D. Nev. Feb. 23, 2017) (noting that, in context of suit brought under the Telephone Consumer Protection Act, "when a person must endure the bother of unwanted calls in the privacy of her home, her harm is similar to other traditional injuries the courts have long recognized, such as invasion of privacy and nuisance.").

69. Persons like Trans Union and Exeter who obtain a consumer's account without a permissible reason to do so also violate 15 U.S.C. 1681b(f) willfully, as they know at the time of the request whether they have a permissible reason to access credit or not.  Such violations of Section 1681b(f) violate Plaintiff's reasonable expectation of privacy, resulting in a concrete informational injury.[9]

70. As a result of this conduct, Plaintiff has suffered a concrete informational harm to his Congressionally protected privacy interests.  Trans Union's and Exeter's conduct was willful, Plaintiff is entitled to an award of statutory damages under 15 U.S.C. § 1681n.

71. Plaintiff has been required to retain an attorney to prosecute this dispute, and has incurred attorney's fees and costs as a result, recoverable under 15 U.S.C. § 1681n.

//

//

//

### FIRST CAUSE OF ACTION – AGAINST DATA X
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681g(a)(2)

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

---

[9] Data furnishers who obtain a consumer report under false pretenses are also liable when their violation is willful.  15 U.S.C. § 1681q; *Hansen v. Morgan*, 582 F.2d 1214, 1220 (9th Cir. 1978).

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

74. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Data X.

75. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Data X.

## SECOND CAUSE OF ACTION – AGAINST DATA X
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681i

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

78. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Data X.

79. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Data X.

**THIRD CAUSE OF ACTION – AGAINST DATA X**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681e(a)**

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

82. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Data X.

83. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Data X.

**FOURTH CAUSE OF ACTION – AGAINST DATA X**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681b(f)**

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

18

86. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Data X.

87. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Data X.

### FIFTH CAUSE OF ACTION – AGAINST SKY TRAIL
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681b(f)

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

90. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Sky Trail.

91. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Sky Trail.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

### SIXTH CAUSE OF ACTION – AGAINST RAPITAL
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681b(f)

92. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

93. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

94. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Rapital.

95. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Rapital.

### SEVENTH CAUSE OF ACTION – AGAINST CORELOGIC
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(a)

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

98. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from CoreLogic.

99. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from CoreLogic.

## EIGHTH CAUSE OF ACTION – AGAINST CORELOGIC
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681b(f)

100. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

101. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

102. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from CoreLogic.

103. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from CoreLogic.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

**NINTH CAUSE OF ACTION – AGAINST TRANS UNION
VIOLATION OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. §§ 1681b(f)**

104. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

105. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

106. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Trans Union.

107. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Trans Union.

**TENTH CAUSE OF ACTION – AGAINST EXETER
VIOLATION OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. §§ 1681b(f)**

108. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

22

109. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

110. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Exeter.

111. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Exeter.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant them the following relief against Defendants:

### FIRST CAUSE OF ACTION – AGAINST DATA X
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681b(f)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Data X for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

23

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

## SECOND CAUSE OF ACTION – AGAINST DATA X
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681e(a)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Data X for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

## THIRD CAUSE OF ACTION – AGAINST DATA X
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681e(a)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Data X for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

## FOURTH CAUSE OF ACTION – AGAINST DATA X
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681b(f)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Boulder for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

### FIFTH CAUSE OF ACTION – AGAINST SKY TRAIL<br>VIOLATION OF THE FAIR CREDIT REPORTING ACT<br>15 U.S.C. §§ 1681b(f)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Exeter for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

### SIXTH CAUSE OF ACTION – AGAINST RAPITAL<br>VIOLATION OF THE FAIR CREDIT REPORTING ACT<br>15 U.S.C. §§ 1681b(f)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

KRIEGER LAW GROUP, LLC<br>2850 W. Horizon Ridge Pkwy., Suite 200<br>Henderson, Nevada 89052

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Trans Union for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

<u>**SEVENTH CAUSE OF ACTION – AGAINST CORELOGIC**</u>
<u>**VIOLATION OF THE FAIR CREDIT REPORTING ACT**</u>
<u>**15 U.S.C. §§ 1681e(a)**</u>

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Trans Union for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

<u>**EIGHTH CAUSE OF ACTION – AGAINST CORELOGIC**</u>
<u>**VIOLATION OF THE FAIR CREDIT REPORTING ACT**</u>
<u>**15 U.S.C. §§ 1681b(f)**</u>

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Trans Union for each incident of negligent noncompliance of the FCRA; and

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

- any other relief the Court may deem just and proper.

## NINTH CAUSE OF ACTION – AGAINST TRANS UNION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681b(f)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Trans Union for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

## TENTH CAUSE OF ACTION – AGAINST EXETER
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681b(f)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Trans Union for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 1, 2021

Respectfully submitted,

/s/ David Krieger
David H. Krieger, Esq.
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, NV 89052

Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
5510 S. Fort Apache Rd., Suite 30
Las Vegas, NV 89148-7700

*Attorneys for Plaintiff*